IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HATTIE H., | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:21-CV-247-G-BK |
| | § | |
| COMMISSIONER, SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
|     DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's *Motion for and Memorandum in Support of Award of Attorney Fees Under 406(b) of the Social Security Act*, Doc. 38, is now before the Court for the issuance of findings and a recommended disposition. As detailed herein, the motion should be **GRANTED**.

## I. BACKGROUND

In February 2021, Plaintiff filed a complaint seeking reversal of the Commissioner of the Social Security Administration's decision denying her application for Supplemental Security Income under the Social Security Act. Doc. 1. Upon the Commissioner's Motion, Doc. 29, the Court entered judgment reversing the Commissioner's decision and remanding the case for further proceedings. Doc. 30; Doc. 31. Thereafter, counsel for Plaintiff timely moved for an extension of time to file a § 406(b) motion for attorneys' fees, Doc. 32, and motion seeking attorneys' fees under the Equal Access to Justice Act ("EAJA"), Doc. 34. The Court granted the unopposed motion for an extension of time, Doc. 33, and subsequently awarded Plaintiff $5,262.86 in EAJA attorney's fees. Doc. 37.

The October 2023 Notice of Award addressed to Plaintiff states that the Commissioner found Plaintiff disabled and awarded her $158,738.90 in past due benefits for the period of November 2017 through August 2023.  Doc. 38-1 at 4.  Based on the awards to Plaintiff of past-due benefits, counsel now requests that the Court award $25,000 in attorneys' fees.  Doc. 38 at 8; Doc. 43 at 3.  The Commissioner "neither supports nor opposes counsel's request."  Doc. 41 at 1.

## II. APPLICABLE LAW

Under 42 U.S.C. § 406(b), when a court renders a judgment favorable to a Social Security claimant, the court may award the claimant's attorney up to 25 percent of the total of the past-due benefits to which the claimant is found to be entitled.  Attorneys who successfully represent Social Security benefits claimants in court may receive fees under both the EAJA and § 406(b), "but . . . must refund to the claimant the amount of the smaller fee."  *Jackson v. Astrue*, 705 F.3d 527, 529 n.2 (5th Cir. 2013) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)) (cleaned up).  Before awarding attorneys' fees under § 406(b), a court must first conduct an independent review of the claimant's contingency arrangements to ensure that the fee sought is reasonable.  *Gisbrecht*, 535 U.S. at 807.  The burden is on the requesting attorney to demonstrate that the requested fee is reasonable.  *Id.* at 807 n.17.

If the benefits resulting from a contingency fee agreement are large compared to the time counsel spent on the case, the fee should be adjusted downward to avoid a windfall for counsel. *Id.* at 808.  The Court of Appeals for the Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award in this context represents a windfall that would warrant a downward adjustment.  *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). However, it has implicitly approved several factors to be considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits

2

the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (quoting *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)).

## III. ANALYSIS

### A. Counsel's Request Falls Within the Permitted Statutory Range.

Here, counsel seeks a fee of $25,000, which he asserts represents less than the statutory maximum of 25 percent of Plaintiff's total past due benefits. Doc. 38 at 7. Counsel calculates Plaintiff's past due benefits by combining the amount reflected in the Notice of Award issued to Plaintiff with the amounts reflected in the Notices issued to her children. *See* Doc. 43 at 1-2. As counsel acknowledges, however, the children's Notices are internally inconsistent. *See* Doc. 43 at 1-2. Absent an adequate explanation establishing which figures are correct and why, the Court declines to include the children's purported awards in its independent review of counsel's § 406(b) request. *Gisbrecht*, 535 U.S. at 807; *see also Fuller v. Colvin*, No. 1:11-cv-117, 2016 WL 3221851, at *3 (N.D. Tex. June 8, 2016) (Frost, J.) (noting that the court cannot fulfill its duty to conduct an "independent check" of a § 406(b) fee request without adequate proof of the claimant's past due benefits).

In any event, excluding the children's awards, the record adequately establishes that Plaintiff was awarded only $158,738.90 in past due benefits. *See* Doc. 38-1 at 4. And because the requested fee of $25,000 represents approximately 15.75 percent of that amount, the Court notes that the request falls within § 406(b)'s statutory ceiling.

### B. The Relevant Factors Favor Approving Counsel's Petition.

Having determined that the requested fee falls within the statutory ceiling, the Court next considers its reasonableness under the relevant factors. *Jeter*, 622 F.3d at 381.

First, courts have consistently recognized that there is a substantial risk of loss in civil actions for Social Security benefits.  *See Cullar v. Saul*, No. 7:19-CV-27-O-BP, 2021 WL 295842, at *2 (N.D. Tex. Jan. 8, 2021) (Ray, J.) ("[T]he Fifth Circuit and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals and the fact that a particular claimant's attorney often is not compensated at all for Social Security work in federal court.") (quoting *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012)), *adopted by* 2021 WL 289270 (Jan. 28, 2021) (O'Connor, J.).  Counsel in this case faced such a risk because Plaintiff had lost at all levels of the administrative proceedings.  Doc. 22 at 5; Doc. 17-1 at 5-11; *see also* Doc. 38-3 at 3 (contingency fee agreement providing that the agreed fee reflects the risk that Plaintiff's Attorneys "may receive no fee for the services they perform in appealing [her] case to federal court.").

Additionally, counsel's fee agreement with Plaintiff provides that counsel receive 25 percent of any retroactive benefits awarded.  Doc. 38-3 at 3.  There is no suggestion that any fraud or overreaching occurred, as Plaintiff signed the fee agreement, Doc. 38-3 at 4, and counsel acted promptly in litigating the case and achieving a significant victory for his client.  *Jeter*, 622 F.3d at 382 (stating that courts may consider the fact that the client consented to the fee arrangement in assessing whether the fee is reasonable); *Gisbrecht*, 535 U.S. at 808 (noting that the reviewing court should consider whether the attorney was responsible for any delay and the size of the award achieved in relation to the time invested).

Further, counsel brought to bear nearly 57 years of combined experience in Social Security disability law.  Doc. 38-5 at 2-4; *see also Jeter*, 622 F.3d at 382 (noting that courts will consider attorney experience and skill in determining the reasonableness of the fee).  Attorney Michael Kelly has approximately 27 years of experience practicing Social Security law and has

4

filed more than 100 cases against the Social Security Administration in the United States District Courts.  Doc. 38-5 at 2. Attorney Martin Long has more than 30 years of experience practicing Social Security law including serving as an Assistant Regional Counsel for the Social Security Administration for more than 27 years.  Doc. 38-5 at 4.  Counsel also provided effective and efficient representation in this case, preparing a 20-page opening brief that asserted a single, salient issue.  Doc. 22; *see Jeter*, 622 F.3d at 382 (noting that courts may consider the degree of difficulty of the case in assessing the fee's reasonableness).

Finally, the size of counsel's requested reward, $25,000.00, divided by the 24.9 hours[1] that they expended in this case, leads to an hourly rate of $1,004.01, which is more than twice the hourly rate for attorneys of similar experience—$463.00.  *See* Doc. 38-2 at 1-5 (counsel's hourly itemized billing records); Doc. 38-5 at 3 (counsel's affidavit); Doc. 38-6 at 5 (Jeanne Graham, *The State of Rates*, TEXAS LAWYER (Oct. 1, 2012)) (noting that the median average billable rate for an equity partner in Dallas/Fort Worth was $463.00 in 2012).  Nevertheless, the risk involved in litigating a contingency case of this nature should not be overlooked.  *See Jeter*, 622 F.3d at 379-80 (holding that courts can consider the lodestar calculation as one measure in determining whether the contingency fee is reasonable and not a windfall).  Moreover, Counsel's effective hourly rate is within the range of that previously approved in other Social Security cases.  *See, e.g.*, *Eric B. v. Comm'r of Soc. Sec.*, No. 3:17-CV-0083-G-BK, 2019 WL 7546622, at *2 (N.D. Tex. Dec. 18, 2019) (Toliver, J.) (finding effective hourly rate of $937.50 reasonable), *adopted by* 2020 WL 109856 (N.D. Tex. Jan. 8, 2020) (Fish, J.); *Silves H. v. Kijakazi*, No. , 2023 WL

---

[1] The Court notes that there is a discrepancy between the number of hours reported in counsel's motion and the number reflected in the evidence.  *Compare* Doc. 38 at 9, *with* Doc. 38-2 and Doc. 38-5 at 3.  Upon review of the itemized billing record, Doc. 38-2, and the declaration of attorney Micheal Kelly, Doc. 38-5 at 3, the Court concludes that the correct number of hours expended by counsel on this civil action is 24.90.

9102228, at \*2 (N.D. Tex. Dec. 18, 2023) (Toliver, J.), *adopted by* 2024 WL 56989 (N. D. Tex. Jan. 4, 2024) (Kinkeade, J.) (approving de facto hourly rate of $1,070.33); *Sabourin v. Colvin*, No. 3:11- CV-2109-M, 2014 WL 3949506, at \*1-2 (N.D. Tex. Aug. 12, 2014) (Lynn, J.) (approving de facto hourly rate of $1,245.55).

Upon consideration of all the relevant factors, the Court concludes that counsel's 24.9 hours expended and proposed hourly rate of $1,004.01 are reasonable.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for and Memorandum in Support of Award of Attorney Fees Under 406(b) of the Social Security Act*, Doc. 38, should be **GRANTED**, and counsel should be awarded attorney's fees in the amount of $25,000.00 pursuant to 42 U.S.C. § 406(b).[2]

**SO RECOMMENDED** on June 10, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court previously awarded counsel fees of $5,262.86 under the EAJA, Doc. 37, counsel must refund the smaller fee award to Plaintiff. *Gisbrecht*, 535 U.S. at 796. Counsel represents that, should the Court grant the motion *sub judice,* the lesser award will promptly be returned to Plaintiff. *See* Doc. 38 at 11-12.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).